IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND LANG, 486632, | § | |
|     Petitioner, | § | |
| VS. | § | NO. 3-05-CV-942-K |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of the TDCJ-CID.

**Statement of the Case:** In 1998, Petitioner was convicted of aggravated sexual assault and was sentenced to fifty years confinement. *State v. Lang*, No. F88-94072-RM (194th Jud. Dist. Ct., June 13, 1998). This is Petitioner's third federal habeas corpus petition challenging the same conviction. The Court denied Petitioner's first habeas petition on the merits. *See Lang v. Collins*, 3:93-CV-839-D (N.D. Tex., June 2, 1994). Petitioner's second petition was dismissed

as successive. *See Lang v. Director*, 3:96-CV-837-P (N.D. Tex., May 28, 1996). The Court finds this petition is likewise successive and should be dismissed.

**Discussion:**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217, there are limited circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. A second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997). In *Felkin v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."

Petitioner argues: (1) he is actually innocent; (2) the jury waiver form and the probable cause warrant were defective; and (3) he received ineffective assistance of counsel. The Court finds Petitioner previously raised the claims that he is actually innocent and that he received ineffective assistance of counsel. The facts underlying Petitioner's jury waiver and probable cause claims occurred at or before Petitioner's trial. These claims predated the filing of his first and second federal habeas petitions. These claims were thus available to Petitioner when he filed his initial federal petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 862 (5th Cir. 2000). They are therefore "second or successive" under the AEDPA. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (finding a subsequent petition is second or successive when it "raises a

claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this Court lacks jurisdiction to consider the petition. *Hooker v. Sivley*, 187 F.3d 680, 682 95th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). This petition should therefore be dismissed for want of jurisdiction. Such dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364 (setting out requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition pursuant to 28 U.S.C. § 2254 be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

Signed this 25th day of May, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          -4-